**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL PALLARES CASTELLON,

Defendant - Appellant.

No. 14-50395

D.C. No. 3:13-cr-04414-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 31, 2015
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Appellant Joel Pallares Castellon (Pallares) challenges the district court's

denial of his motion to suppress. Pallares contends that the district court clearly

erred in holding that he knowingly and intelligently waived all of his *Miranda*[1]

rights. Pallares also asserts that waiver of his *Miranda* rights was involuntary

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

because the officer threatened to question Pallares' son if he did not obtain a statement from Pallares.

The district court did not make the requisite determination that Pallares knowingly and intelligently waived his *Miranda* rights. *See United States v. Perez-Lopez*, 348 F.3d 839, 847-48 (9th Cir. 2003). The transcript of the interview reflects that Pallares remained confused about the waiver of his rights despite the officer's explanations. Ultimately, Pallares never affirmed that he understood the waiver of his rights.

At the evidentiary hearing, the interrogating officer conceded that the wording of the waiver form was confusing. Pallares also presented undisputed testimony from a Spanish language interpreter that the waiver form and the officer's explanations did not properly convey the waiver of *Miranda* rights in Spanish. Because the *Miranda* warning was not conveyed "clearly and in a manner that [was] unambiguous," Pallares' waiver was not knowing and intelligent. *Id.* at 848 (citation omitted).[2]

**REVERSED and REMANDED.**

---

[2] Because we conclude that Pallares did not knowingly and intelligently waive his *Miranda* rights, we need not, and do not, decide if his waiver was voluntary.